**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DANIEL TEUFEL,

      Appellant,

    v.

DEPARTMENT OF THE ARMY,

      Agency.

DOCKET NUMBERS
DE-1221-12-0151-W-3
DE-1221-13-0193-W-1

DATE: September 19, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daniel Teufel, Stanbury Park, Utah, pro se.

Kateni T. Leakehe, Esquire, Dugway, Utah, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1       The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in these joined individual right of action (IRA) appeals. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly modified by this Final Order, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant was employed as a GS-12 Physical Science Technician at the agency's Dugway Proving Grounds (DPG) in Dugway, Utah. *Teufel v. Department of the Army*, MSPB Docket No. DE-1221-12-0151-W-1, Initial Appeal File (0151, IAF-1), Tab 6 at 231. The appellant was required to maintain a security clearance as a condition of employment. *Id.* at 225. On June 19, 2010, the agency's Central Personnel Security Clearance Facility (CCF) requested that DPG's counterintelligence office obtain a psychological evaluation of the appellant. *Id.* at 159-60. In support of this request, CCF stated, "This evaluation is needed to aid this command in the determination of the individual's eligibility for access to classified information." *Id.*

¶3      Following the appellant's fitness for duty (FFD) evaluation, CCF issued a May 18, 2011 memorandum advising the appellant of its preliminary decision to revoke his security clearance and of the suspension of his access to classified information. 0151, IAF-1, Tab 6 at 50. Effective July 28, 2011, the agency indefinitely suspended the appellant from his position pending completion of any

administrative or investigative proceedings regarding his security clearance. *Id.* at 46-47. By memorandum dated April 24, 2012, CCF notified the appellant that it had revoked his security clearance. 0151, IAF-1, Tab 20 at 7-9. Following the appellant's request for reconsideration, CCF issued a decision on September 11, 2012, affirming its decision to revoke his security clearance. *Teufel v. Department of the Army*, MSPB Docket No. DE-1221-12-0151-W-3, Initial Appeal File (0151, IAF-3), Tab 5 at 13-15. The agency removed the appellant effective February 28, 2013, for loss of required qualification and inability to perform the essential functions of his position based on the revocation of his security clearance. *Id.* at 10-11, 21-22.

¶4    In the meantime, the appellant filed two complaints with the Office of Special Counsel (OSC), one on July 15, 2011, and the other sometime before January 9, 2013.[2] 0151, IAF-1, Tab 5 at 20-33; *Teufel v. Department of the Army*, MSPB Docket No. DE-1221-13-0193-W-1, Initial Appeal File (0193, IAF), Tab 2 at 2. In his first OSC complaint, the appellant alleged that the agency had sent him for a psychiatric FFD evaluation in reprisal for whistleblowing. 0151, IAF-1, Tab 5 at 20-33. On November 29, 2011, OSC notified the appellant that it was terminating its investigation of his complaint and advised him of his Board appeal rights. 0151, IAF-1, Tab 6 at 34-35.

¶5    On February 2, 2012, the appellant filed an IRA appeal with the Board. 0151, IAF-1, Tab 1. The administrative judge issued an order advising the appellant of the requirements for establishing jurisdiction over an IRA appeal, and ordered him to submit evidence and argument showing that the appeal was within the Board's jurisdiction. 0151, IAF-1, Tab 3. Following responses by both parties, the administrative judge issued an order in which he found that the

---

[2] We are unable to determine the precise date of the appellant's second OSC complaint because that complaint is not in the record. We note, however, that in its January 25, 2013 letter, OSC states that it advised the appellant of its preliminary determination to terminate its investigation of his OSC complaint by letter dated January 9, 2013. *Teufel v. Department of the Army*, MSPB Docket No. DE-1221-13-0193-W-1, IAF, Tab 2 at 4.

appellant met his burden of proving that the Board has jurisdiction over his claim that the agency sent him for a psychiatric FFD evaluation in reprisal for his whistleblowing activity. 0151, IAF-1, Tabs 5-7. The appeal was subsequently dismissed without prejudice and refiled twice, most recently on June 13, 2013. 0151, IAF-1, Tab 22; *Teufel v. Department of the Army*, MSPB Docket No. DE-1221-12-0151-W-2, Initial Appeal File (0151, IAF-2), Tabs 1, 8; 0151, IAF-3, Tab 1.

¶6  In his second OSC complaint, the appellant asked OSC to seek a stay of his indefinite suspension. *See* 0193, IAF, Tab 2 at 2. On January 25, 2013, OSC notified the appellant that it was terminating its investigation regarding his complaint and advised him of his Board appeal rights. *Id.* On February 12, 2013, the appellant filed a second IRA appeal. 0193, IAF, Tabs 1, 2. On August 5, 2013, the administrative judge joined the appellant's two IRA appeals. 0151, IAF-3, Tab 3. The appellant did not request a hearing. 0193, IAF, Tab 8; 0151, IAF-3, Tab 1 at 2.

¶7  Based on the written record, the administrative judge issued an initial decision denying the appellant's request for corrective action. 0151, IAF-3, Tab 9, Initial Decision (ID) at 2, 10. The administrative judge found that CCF's decision to obtain a psychiatric FFD evaluation as part of its review process to determine whether a security clearance should be granted or revoked is not a personnel action under the Whistleblower Protection Act (WPA). ID at 9. Therefore, the administrative judge found, the appellant failed to meet his burden of proving by preponderant evidence that the agency took a personnel action that is appealable to the Board under the WPA. ID at 9.

¶8  The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the petition for review. PFR File, Tab 3. The appellant has filed a reply to the agency's response. PFR File, Tab 4.

**ANALYSIS**

The appellant's request for corrective action.

¶9        In an IRA appeal, an appellant may seek corrective action from the Board concerning any "personnel action" taken, or proposed to be taken, against him as a result of a prohibited personnel practice described in 5 U.S.C. § 2302(b)(8). 5 U.S.C. § 1221(a); *Mattil v. Department of State*, 118 M.S.P.R. 662, ¶ 14 (2012). After establishing the Board's jurisdiction,[3] the appellant must then establish a prima case of whistleblower retaliation by proving by preponderant evidence that he made a protected disclosure that was a contributing factor in a personnel action taken against him.  *Mattil*, 118 M.S.P.R. 662, ¶ 11.

¶10        The administrative judge found that, even assuming the appellant made protected disclosures, or was perceived to be a whistleblower, he failed to prove that his disclosures were a contributing factor in the agency's decision to take a personnel action under the WPA.  ID at 7.  In reaching this decision, the administrative judge noted that an agency's decision to order psychiatric testing or examination is ordinarily a personnel action for purposes of the WPA.  ID at 8 (citing 5 U.S.C. § 2302(a)(2)(A)(x)).  The administrative judge found, however, that just as the revocation of a security clearance is not a personnel action under the WPA, the CCF's decision to obtain a psychiatric FFD evaluation as part of its review process to determine whether a security clearance should be granted or revoked is not a personnel action under the WPA.  ID at 9 (citing *Hesse v. Department of State*, 82 M.S.P.R. 489, ¶ 9 (1999), *aff'd*, 217 F.3d 1372 (Fed. Cir. 2000), and *Roach v. Department of the Army*, 82 M.S.P.R. 464, ¶ 48 (1999) (finding that the denial, revocation, or suspension of a security clearance determination is not a personnel action under the WPA and the Board thus lacks

---

[3] As previously noted, during the proceedings below in the appellant's initial IRA appeal, the administrative judge found that the appellant established Board jurisdiction over his claim that the order to submit to a psychiatric FFD evaluation was reprisal for whistleblowing.  0151, IAF-1, Tab 7 at 2.  We discern no reason to disturb this finding.

jurisdiction over such claims in an IRA appeal or as a whistleblower retaliation affirmative defense claim in a chapter 75 appeal)).  Therefore, the administrative judge found, the appellant failed to meet his burden to prove by preponderant evidence that the agency took a personnel action against him that is appealable to the Board under the WPA.  ID at 9.  The administrative judge found that "[i]t necessarily follows that [the appellant] failed to prove that his alleged protected disclosures were a contributing factor in the agency's decision to take a personnel action under the WPA."  ID at 9-10.  Accordingly, the administrative judge denied the appellant's request for corrective action.  ID at 10.

¶11     Although we agree with the administrative judge's ultimate conclusion denying the appellant's request for corrective action, we disagree with the administrative judge's finding that the order to obtain a FFD evaluation in this case is not a personnel action under the WPA.  A decision to order psychiatric testing or examination is specifically identified as a "personnel action" in 5 U.S.C. § 2302(a)(2)(A)(x).

¶12     Rather, we find that the appropriate basis for denying the appellant's request for corrective action is the Board's limited authority in cases involving agency actions based on security clearance determinations.  In *Department of the Navy v. Egan*, 484 U.S. 518, 530-31 (1988), the U.S. Supreme Court held that the Board does not have the authority to review an agency's underlying reasons for the suspension or cancellation of a security clearance.  Further, the Board has held that the Court's decision in *Egan* precludes the Board from reviewing discrimination or reprisal allegations related to the revocation of a security clearance because such defenses are so intertwined with the merits of the revocation action that their adjudication by the Board would entail second guessing the agency's national security determinations.  *Pangarova v. Department of the Army*, 42 M.S.P.R. 319, 322-23 (1989).

¶13     As the administrative judge explained, "The FFD evaluation likely played a key role in the agency's decision to revoke the appellant's security clearance, and

potentially was the only evidence relied upon." ID at 9 (citing 0151, IAF-1, Tab 6 at 52-56). Thus, the appellant's allegation that the agency retaliated against him for his protected whistleblower activity by ordering him to submit to an FFD examination is intertwined with the agency's revocation of the appellant's security clearance. Therefore, we find that Board is precluded from reviewing the appellant's whistleblower reprisal claim.

The appellant's claims on review.

¶14        The appellant argues on review that he was denied due process because CCF did not inform him of his appeal rights in its September 11, 2012 reconsideration decision affirming its April 24, 2012 decision to revoke his security clearance. PFR File, Tab 1 at 5. In addition, he contends that "the use of the hostile witnesses in the FFD" without his knowledge violated his Constitutional rights under the Sixth Amendment, as well as section E2.1.4.9 of Department of Defense Directive 5500.19, which, inter alia, prohibits reprisal for disclosures to an agency Inspector General. PFR File, Tab 1 at 10; *see* 0151, IAF-3, Tab 6 at 27 of 35. Such allegations may not be heard in the context of his IRA appeals. *See Marren v. Department of Justice*, 51 M.S.P.R. 632, 638-39 (1991), *aff'd*, 980 F.2d 745 (Fed. Cir. 1992) (Table); *see also Van Ee v. Environmental Protection Agency*, 64 M.S.P.R. 693, 699 (1994) (finding that the appellant's allegations that the agency violated the First Amendment and committed other prohibited personnel practices may not be heard in the context of an IRA appeal); *Garrett v. Department of Defense*, 62 M.S.P.R. 666, 674 (1994) (finding that the Board lacked jurisdiction to decide a harmful error claim in the context of an IRA appeal).

The documents submitted on review.

¶15        Lastly, the appellant submits several documents with his petition for review. PFR File, Tab 1 at 15-41. The Board generally will not consider evidence submitted for the first time on review absent a showing that the

documents and the information contained therein were unavailable before the record closed despite due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). To constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989).

¶16    Some of the documents the appellant submits on review are already part of the record and thus are not new. *Compare* PFR File, Tab 1 at 16, 27-29, 37, *with* 0151, IAF-2, Tab 1 at 5 of 6; 0151, IAF-1, Tab 20 at 7-9; *and* 0151, IAF-3, Tab 6 at 18; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (evidence that is already part of the record is not new). Also, the documents the appellant submits on review are either undated or significantly predate the close of the record, and the appellant has made no showing that they were unavailable before the record closed despite his due diligence. Therefore, we have not considered any of the documents that the appellant submits on review. *Avansino*, 3 M.S.P.R. at 214.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website

at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                 _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.